# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CARL ROMANELLI,

   Plaintiff,

      v.

WILLIAM DEWEESE, et al.,

   Defendants.

CIVIL ACTION NO. 3:10-CV-1434

(JUDGE CAPUTO)

## MEMORANDUM

The plaintiff, Carl Romanelli, brings this action under 42 U.S.C. § 1983, alleging that his rights under the First and Fourteenth Amendments were violated by conduct occurring in 2006. Among the defendants is the Pennsylvania Democratic Party (PDP), which was timely served with the summons and complaint. The PDP failed to respond. On September 22, 2010, Mr. Romanelli moved for default judgment to be entered against the PDP. On September 23, 2010, the clerk entered a default, and the following day the PDP moved to set the entry aside. Mr. Romanelli opposes the motion. Because the PDP has shown "good cause" for setting aside the entry of default, its motion will be granted.

## Discussion

Under Federal Rule of Civil Procedure 55(c), the court may set aside an entry of default for "good cause." What constitutes "good cause" is left to the sound discretion of the district court, but the strong policy of resolving cases on their merits counsels in favor of setting aside a default. *See United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194–95 (3d Cir. 1984). In determining whether good cause exists, the court considers three factors: prejudice to the plaintiff, presence of a meritorious defense, and whether the default

resulted from the defendant's own culpable conduct. *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir. 1985) (internal citations omitted).

Mr. Romanelli suggests that setting aside the default will prejudice him because his case is difficult to prove. *See* Pl.'s Br. in Opp'n, Doc. No. 31 at 2 ("The collusion among the various defendants and as yet to be named individuals to hide their criminal acts in 2006 and beyond will make unearthing the truth very difficult."). Of course setting aside an entry of default is *unfavorable* to a plaintiff, but requiring a party to litigate its claim on the merits does not constitute *prejudice*. *See Black's Law Dictionary* 1299 (9th ed. 2009) (defining prejudice as "damage or detriment to one's legal rights or claims"). Prejudice requires that the plaintiff's "ability to pursue the claim has been hindered since the entry of default judgment," by loss of evidence, substantial reliance upon the default, or otherwise. *See Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 657 (3d Cir. 1982). Mr. Romanelli has not shown that prejudice would result, so this factor tips in favor of setting aside the default.

The second factor the court considers is the presence a meritorious defense, which "is established when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" *United States v. $55,518.05 in U.S. Currency*, 728 F.2d at 195 (quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). The PDP bases one of its defenses on the statute of limitations, arguing that because the complained-of acts happened in 2006, Mr. Romanelli's claim (filed on July 12, 2010) is time-barred. Mr. Romanelli argues that this defense is "preposterous on its face," because some aspects of the PDP's conduct were hidden from him until July 2008.

In determining the statute of limitations in actions brought under 42 U.S.C. § 1983,

2

a district court looks to the general personal injury statute of limitations of the state in which it sits. *See Owens v. Okure*, 488 U.S. 235, 249–51 (1989). In Pennsylvania, the statute of limitations for personal injury actions is two years. *Garvin v. City of Philadelphia*, 354 F.3d 215, 220 (3d Cir. 2003) (citing 42 Pa. Cons. Stat. § 5524(7)). Thus, Mr. Romanelli had two years from the time his cause of action accrued to file his complaint. A § 1983 cause of action accrues on the date when a plaintiff knew or should have known his rights had been violated. *See Genty v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991). Whether Mr. Romanelli knew or should have known his rights were violated before July 12, 2008 (two years before the complaint was filed) is a question of fact, and if the PDP proves the claim accrued before that date, its defense will be complete. Thus, this factor also favors setting aside the entry of default.

Finally, the court considers whether the defendant's conduct was culpable, "that is, whether it acted willfully or in bad faith." *Feliciano*, 691 F.2d at 657. The PDP alleges that a clerical error resulted in its interim executive director not being aware that the complaint had been served. Thus, the PDP did not realize it needed to file an answer until Mr. Romanelli moved for default judgment on September 22, 2010. In response, the PDP immediately retained counsel and filed a motion to set aside the default. It does not appear that the PDP's conduct stemmed from willfulness or bad faith.

**Conclusion**

Viewed in light of the strong policy of deciding cases on their merits, the PDP's lack of bad faith, its meritorious defense, and the absence of prejudice to Mr. Romanelli weigh strongly in favor of setting aside the default. The "good cause" requirement for setting aside

3

the entry of default has been met, and the PDP's motion will be granted. The PDP will be given fourteen (14) days to answer or otherwise respond to the complaint. An appropriate order follows.

December 8, 2010  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

CARL ROMANELLI,

    Plaintiff,

        v.

WILLIAM DEWEESE, et al.,

    Defendants.

NO. 3:10-CV-1434

(JUDGE CAPUTO)

## **ORDER**

**NOW**, this 8th day of December, 2010, **IT IS HEREBY ORDERED** that:

(1) The Pennsylvania Democratic Party's motion to set aside the entry of default (Doc. No. 21) is GRANTED.

(2) The Pennsylvania Democratic Party shall file an answer or otherwise respond to the complaint within fourteen days from the date of this order.

                                        /s/ A. Richard Caputo
                                        A. Richard Caputo
                                        United States District Judge