**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

CARL ROMANELLI,

    Plaintiff,

        v.

WILLIAM DEWEESE, et al.,

    Defendants.

CIVIL ACTION NO. 3:10-CV-1434

(JUDGE CAPUTO)

## MEMORANDUM

Carl Romanelli filed this complaint under 42 U.S.C. § 1983, claiming that the defendants deprived him of First and Fourteenth Amendment rights when they challenged his nomination paper to run for the U.S. Senate. Because the paper was invalidated in accordance with state law, Romanelli was not deprived of his constitutional rights and thus does not state a claim upon which relief can be granted.

### I. Background[1]

Romanelli aspired to run for U.S. Senator in the 2006 General Election.  As a  Green Party candidate, he could be nominated to the ballot by having a sufficient number of electors sign his nomination paper.  Under Pennsylvania's election code, "the number of qualified electors of the State signing such nomination paper shall be at least equal to two per centum of the largest entire vote cast for any elected candidate in the State at large at the last preceding election at which State-wide candidates were voted for." 25 Pa. Stat. §

---

[1]  For purposes of deciding this motion, the facts in the complaint are assumed to be true, and are stated in the light most favorable to the plaintiff.

2911(b). Under this Section, Romanelli was required to obtain 67,070 valid signatures.  *In re Nomination Paper of Rogers*, 914 A.2d 457, 458 n.2 (Pa. Commw. Ct. 2007).

After obtaining the requisite elector signatures, a candidate files the nomination paper with the Secretary of the Commonwealth. *Id.* at § 2913. Once received and filed, the nomination paper can be challenged in court by petition. *Id.* at § 2937. The challenge must be filed "within seven days after the last day for filing [the] nomination [ ] paper," and must "specifically set[ ] forth the objections." *Id.*  If the court finds the nomination paper fails to contain "a sufficient number of genuine signatures of electors entitled to sign [the paper], . . . it shall be set aside."

Given that a filed nomination paper must be challenged within seven days after it is filed, it is no simple task to invalidate a petition containing thousands of signatures.  The Pennsylvania House Democratic Caucus did not look favorably upon Romanelli's potential candidacy because it feared he would divert votes from the Democratic nominee, Robert P. Casey, Jr.

The Caucus decided to challenge Romanelli's petition in advance of its filing, and put out a call for volunteers to assist the effort.  On August 1, 2006, Romanelli filed his nomination paper consisting of 3,704 pages containing 94,544 signatures.  The Caucus paid $3,704 to obtain a copy of the nomination paper that same day.  An initial meeting was held in the office of William DeWeese, then the majority leader, with as many as thirty staffers in attendance.  At the meeting, the attendees were instructed on how to review the nomination paper and obtain and compile the information needed to challenge the signatures. The staffers were told it was important to the Caucus leadership that Romanelli not appear on the November ballot; to this end, the staffers were told not to worry about leave, but to focus

2

on reviewing the signature pages as soon as possible.  Staffers and Caucus leadership worked around the clock on the petition challenge, at their Caucus workplaces, using Caucus computers, all while being paid by the Commonwealth with taxpayer money.  To research information on electors whose signatures appeared on Romanelli's nomination paper, Caucus employees used the computer program Constituent Tracking Service.  This program tracked voter registration information but was designed and intended for legitimate legislative use and not for challenging the candidacy of a political opponent.

The Caucus's use of state resources to fund the nomination paper challenge violated state law.  Nevertheless, seven days after its filing, the Caucus challenged Romanelli's nomination paper. The petition detailed inadequacies in the nomination paper petition pages and individual signatures.  The petition included global challenges to 1,782 petition pages that contained 45,918 signatures and a total of 69,692 "individual line" signature challenges.

The Pennsylvania Commonwealth Court found that the challenge had merit and set aside Romanelli's nomination paper on September 26, 2006.  Nearly two years later, on July 10, 2008, Pennsylvania Attorney General Tom Corbett announced that the grand jury presentment and indictment of those involved in various campaign improprieties, including Romanelli's nomination paper challenge. The scandal became known as "Bonusgate," and encompassed the illegal use of state money and resources on political campaigns.

Romanelli brought suit in federal court on July 12, 2010 against various individuals who were employed by the Caucus, Michael Manzo, and the Pennsylvania Democratic Party.

Romanelli brings his claims under 42 U.S.C. § 1983.  He asserts that the defendants violated his First and Fourteenth Amendment rights.  The nub of Romanelli's complaint is that the challenge to his nomination paper was enabled by violating state law (*i.e.*, by using

public servants paid by the state to challenge the nomination paper); therefore the defendants' illegal actions "directly affected" what Romanelli refers to as his ability "to run for federal office in an unimpa[i]red fashion." He claims that the defendants' "tax-funded challenge" to Romanelli's ballot access violated his rights under the First and Fourteenth Amendments. The following two groups of defendants have moved to dismiss: first, Bob Caton, William DeWeese, Karen Steiner, and the Pennsylvania House Democratic Caucus (collectively, the Caucus Defendants) (Doc. 32); and the Pennsylvania Democratic Party (PDP) (Doc. 44).

The defendants argue that Romanelli's claims merit dismissal because they are barred by the Rooker-Feldman doctrine, the defendants did not act under color of state law, Romanelli failed to properly plead a conspiracy, his claims are time-barred and subject to estoppel, the complaint fails Rule 8(a)'s "short and plain statement" requirement, and no federal right is at stake. The defendants attach to their motions various state court filings, orders, and opinions, which are matters of public record, and are therefore properly considered on a motion to dismiss.

Because the Rooker-Feldman argument calls the Court's subject matter jurisdiction into question, it will be addressed first. Because it turns out that there is no bar to the Court's subject matter jurisdiction, the merits of the complaint will be addressed.

Because Romanelli did not oppose the motion to dismiss, the Caucus Defendants move to have their motion treated as unopposed pursuant to Local Rule 7.6 and to have the complaint dismissed on this ground. This motion will be denied, but the complaint will be dismissed for failure to state a claim under § 1983.

Romanelli moves for leave to amend; this motion will be denied as futile. The Caucus

4

Defendants move for sanction. The Court will deny this motion.

## II. Discussion

### A. Legal Standard on a Motion to Dismiss

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211. Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining

whether a plaintiff is entitled to offer evidence in support of her claims.  *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).  The Court does not consider whether a plaintiff will ultimately prevail.  *See id.*  A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim.  *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record.  *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss.  *Id.*

## B. Rooker-Feldman Doctrine

First, the defendants argue that because Romanelli seeks relief from injuries caused by the state court judgments which invalidated his nomination paper and prevented him from being placed on the ballot, the *Rooker-Feldman* doctrine divests this Court of jurisdiction over this dispute.

Under the *Rooker-Feldman* doctrine, a federal court lacks subject matter jurisdiction "if the relief requested would effectively reverse a state court decision or void its ruling." *Taliaferro*, 458 F.3d at 192.  *Rooker-Feldman* is a "narrow doctrine" which "applies only in limited circumstances." *Lance v. Dennis*, 546 U.S. 459, 464–66 (2006).  The *Rooker-Feldman* doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments

6

rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  Such a case essentially invites lower federal courts to act in an appellate capacity over state courts, a function which is reserved by statute to the Supreme Court alone. *Great W. Mining & Mineral Co. v. Rox Rothschild LLP*, 615 F.3d 159, 164 (3d Cir. 2010).

However, when "a federal plaintiff asserts injury caused by the defendant's actions and not by the state-court judgment, *Rooker-Feldman* is not a bar to federal jurisdiction." *Great W. Mining & Mineral Co.*, 615 F.3d at 167 (citing *Coles v. Granville*, 448 F.3d 853, 859 (6th Cir. 2006); *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006)).  The *Rooker-Feldman* doctrine is "not implicated 'simply because a party attempts to litigate in federal court a matter previously litigated in state court.'" *Id.* at 166 (citing *Exxon Mobil*, 544 U.S. at 293).  So long as the federal plaintiff "presents some independent claim, *albeit one that denies a legal conclusion* that a state court has reached in a case to which he was a party . . . then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." *Id.* (citing *Exxon Mobil*, 544 U.S. at 293) (emphasis added)). "A useful guidepost" in determining whether *Rooker-Feldman* applies "is the timing of the injury, that is, whether the injury complained of in federal court existed prior to the state-court proceedings and thus could not have been 'caused by' those proceedings." *Id.* (citing *McKithen v. Brown*, 481 F.3d 89, 98 (2d Cir. 2007); *Turner v. Crawford Square Apartments III, LP*, 449 F.3d 542, 547 (3d Cir. 2006)).

Applying this "useful guidepost," it is clear that Romanelli is not complaining of a state

7

court *judgment*, but rather of the defendants' actions that predated the state court judgments. The defendants argue that Romanelli's complaint quibbles with the state court judgments that prevented his name from appearing on the ballot.  While Romanelli certainly complains of his alleged ouster from the ballot, he is not inviting federal review of the legitimacy of the courts' determinations.  For example, he does not seek a declaratory judgment that his nomination paper was improperly set aside, nor does he seek the attorney fees he incurred in defending the challenge to his nomination paper, fees which were rejected by the state courts.  Instead, he seeks damages for the defendants' allegedly unconstitutional acts. Nor are the plaintiff's claims inextricably intertwined with the state court action. The decision as to whether Romanelli's nomination paper signatures comported with state requirements does not implicate his constitutional rights. Thus, *Rooker-Feldman* does not apply and dismissal on this ground will be denied.

## C. Motion to Treat 12(b)(6) Motion as Unopposed

Romanelli neglected to timely respond to the Caucus Defendants' motion to dismiss. These defendants have moved to have their motion deemed unopposed under Local Rule 7.6 and to dismiss the complaint with prejudice on this ground. For the following reasons, the Court will decline to do so.

Local rule 7.6 provides in pertinent part that "[a]ny party opposing any motion . . . shall file a brief in opposition within fourteen (14) days after service of the movant's brief . . . . Any party who fails to comply with this rule shall be deemed not to oppose such motion."

This rule notwithstanding, the Third Circuit held in *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 29 (3d Cir. 1991), that a complaint should not be "dismissed solely on the basis of

8

the local rule without any analysis of whether the complaint failed to state a claim upon which relief can be granted, as provided in Fed. R. Civ. P. 12(b)(6)."  As the court of appeals succinctly put it, "[t]he fact is that if a motion to dismiss is granted solely because it has not been opposed, the case is simply not being dismissed because the complaint has failed to state a claim upon which relief may be granted. Rather, it is dismissed as a sanction for failure to comply with the local court rule." *Id.*

Thus, the Court declines to dismiss the complaint as unoppposed and will proceed to considering on the merits the motions to dismiss.

## D. Eleventh Amendment Immunity

The defendants argue that Romanelli's complaint must be dismissed to the extent it states claims against the defendants in their official capacities. The Eleventh Amendment immunizes state officials sued in federal court from liability for money damages to be paid from the state coffers. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 67 (1989). Thus, to the extend that Romanelli's complaint makes claims against state officials in their official capacities, it must be dismissed.

## E. Statute of Limitations

The Pennsylvania Democratic Party urges dismissal on the grounds that Romanelli's complaint, filed July 12, 2008, falls outside the limitations period.  A complaint may be dismissed for failing to state a claim on statute of limitations grounds when it is clear from the face of the complaint that its claims are time-barred. *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994).

In determining the statute of limitations in actions brought under 42 U.S.C. § 1983,

9

a district court looks to the general personal injury statute of limitations of the state in which it sits. *See Owens v. Okure*, 488 U.S. 235, 249–51 (1989). In Pennsylvania, the statute of limitations for personal injury actions is two years. *Garvin v. City of Philadelphia*, 354 F.3d 215, 220 (3d Cir. 2003) (citing 42 Pa. Cons. Stat. § 5524(7)). Thus, Romanelli had two years from the time his cause of action accrued to file his complaint. A § 1983 cause of action accrues on the date when a plaintiff knew or should have known his rights had been violated. *See Genty v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991).

The face of the complaint states clearly that Romanelli had information regarding the "civil and criminal nature" of the defendants' conduct when a number of the defendants were indicted on July 10, 2008. It was on this date that the complaint alleges that "Pennsylvania Attorney General Tom Corbett announced the Statewide Grand Jury Presentment and indictment of the so-called "Bonusgate" defendants including some of the defendants herein for a . . . number of acts including [ ] those specifically related to the petition challenge to Carl Romanelli in 2006."

Thus, because Romanelli knew about the defendants' conduct on July 10, 2008, his cause of action accrued, at the latest, on that date. Thus, the last date in which to file would appear to be July 11, 2010. However, July 11, 2010 fell on a Sunday. Under both Pennsylvania and federal law governing the computation of timely filing, when the last day in a time period falls on a Sunday, the period runs to the following Monday. *See* Fed. R. Civ. P. 6(a); 1 Pa. Cons. Stat. § 1908. Romanelli filed his complaint on Monday, July 12, 2010, and his complaint is therefore not untimely on its face[2] and dismissal is not warranted on this

---

[2] Although Romanelli may not have actually known about his claim until July 10, 2008, it is possible that in the exercise of due diligence he *should have known* before then.

basis.

**F. The Complaint Fails to State a Claim upon Which Relief Can Be Granted**

In pertinent part, 42 U.S.C. § 1983 provides that:

Every person who, under color of [state law], subjects . . . any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

Under § 1983, plaintiffs may vindicate the deprivation of *federal* constitutional and statutory rights.  The defendants assert that Romanelli fails to state a claim for relief under § 1983 because he has not adequately alleged deprivation of a *federal* constitutional right. Although Romanelli argues that the defendants violated state law by using state resources to challenge his nomination paper, the mere violation of state law does not state a claim under § 1983.

Instead, liability only attaches under § 1983 when a *federal* right is violated. *See Brown v. Grabowski*, 922 F.2d 1097, 1113 (3d Cir. 1990) ("The plain language of section 1983 . .. solely supports causes of action based upon violations, under the color of state law, of *federal* statutory law or constitutional rights. Section 1983 does not provide a cause of action for violations of state statutes, and, as the district court observed, a state statute cannot, in and of itself, create a constitutional right.") (citing *Phila. Police & Fire Ass'n for Handicapped Children, Inc. v. City of Philadelphia*, 874 F.2d 156, 166–68 (3d Cir. 1989)). Thus, "[i]n a typical § 1983 action, a court must initially determine whether the plaintiff has even alleged the deprivation of a right that either federal law or the Constitution protects." *Gruenke v. Seip*, 225 F.3d 290, 298 (3d Cir. 2000).

This initial inquiry leads to the conclusion that Romanelli has failed to allege the

11

deprivation of any federal right. While ballot access "is recognized as an important aspect of voting rights," *Rogers v. Corbett*, 468 F.3d 188, 194 (3d Cir. 2006) (citing *Bullock v. Carter*, 405 U.S. 134, 143 (1972)), states have "legitimate interest[s] in regulating the number of candidates on the ballot," *Bullock*, 405 U.S. at 145.

The Pennsylvania signature requirement is a valid way to reduce ballot clutter by requiring potential candidates to collect signatures: "it is beyond dispute that Pennsylvania's 2% (signature) requirement (for ballot access) is facially valid." *Rogers*, 468 F.3d at 195 (quoting *Patriot Party of Pa. v. Mitchell*, 826 F. Supp. 926, 939 (E.D. Pa. 1993)). Thus, there is no constitutional right to ballot access unfettered from all state regulation.

In his complaint, Romanelli asserts a constitutional right under the First Amendment to "run for federal office in an unimpared [*sic*] fashion." As noted above, to the extent he claims a right to be free from Pennsylvania's signature requirements, no such right exists. The Pennsylvania statutes provide for challenges to nomination papers when signatures do not comport with the statutory requirements. When the validity of the signatures is challenged in accordance with state procedure, and the signatures are found to be in some way insufficient, it does not violate any constitutional right to deny the potential candidate access to the ballot. *See Bullock*, 405 U.S. at 145 ("[A] state has an interest, if not a duty, to protect the integrity of its political processes from frivolous or fraudulent candidacies.") (citing *Jenness v. Fortson*, 403 U.S. 431, 442 (1971)).

The state courts found that Romanelli's nomination paper failed to secure the required number of valid signatures. *See In re Nomination Paper of Rogers*, 914 A.2d 457 (Pa. Commw. Ct. 2006), *aff'd* 907 A.2d 503 (Pa. 2006). That determination is conclusive in this

suit. *See United States v. Mendoza*, 464 U.S. 154, 158 (1984) (holding that under collateral estoppel, a decision of fact or law necessary to a court's judgment is conclusive in a subsequent suit based on a different cause of action involving a party to the prior litigation). Thus, because the rejection of his nomination paper was based on failure to meet a valid state signature requirement, Romanelli was not denied any federal right of ballot access.

Moreover, to the extent that Romanelli's complaint might be construed to allege a violation of the Fourteenth Amendment, it also fails.  A due process claim necessarily fails because Romanelli received judical process in connection with the challenge to his nomination paper. An equal protection challenge also fails.  Although Romanelli does not allege any class-based discrimination, a plaintiff can proceed on a "class of one" theory by alleging that he has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Engquist v. Or. Dep't of Agriculture*, 553 U.S. 591, 601 (2008) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). In light of the state court decisions, which are accorded preclusive effect, *see Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005), Romanelli could not plausibly maintain that the defendants (assuming, without deciding, that they were state actors for § 1983 purposes) challenged his petition without a rational basis. The state courts found that Romanelli failed to secure the required number of valid signatures, and this failure provides a rational basis upon which the defendants successfully challenged the petition. *See Zahl v. N.J. Dep't of Law & Pub. Safety Div. of Consumer Aff.*, 2011 WL 1880958 (3d Cir. May 18, 2011) (holding that in light of state professional disciplinary litigation, which resulted in a finding that physician engaged in deceitful conduct, physician-plaintiff was

precluded from bringing Fourteenth Amendment claim in federal court alleging class of one equal protection violation).

Because Romanelli fails to show that he was deprived of any federal right, his complaint must be dismissed for failure to state a claim upon which relief can be granted. Because dismissal is warranted on this ground, the Court does not reach the defendants' other arguments. Additionally, the complaint will be dismissed on this ground against all defendants, because the complaint necessarily fails to state a claim against even the non-moving defendants. *See Bryson v. Brand Insulations*, 621 F.2d 556, 559 (3d Cir. 1980) ("[F]or a court to grant judgment on the pleadings, *sua sponte*, is not error. The district court may on its own initiative enter an order dismissing the action provided the complaint affords a sufficient basis for the court's action."); *Washington Petroleum Co. v. Girard Bank*, 629 F. Supp. 1224 (M.D. Pa. 1983) (dismissing claims *sua sponte* against a defendant that did not file a motion to dismiss because another defendant's motion raised defects that applied equally to all claims); *Sullivan v. Dellots, Inc.*, No. Civ. A. 97-5457, 1997 WL 778976, at *7 (E.D. Pa. Dec. 17, 1997) (dismissing claims *sua sponte* against a defendant who did not join in a motion to dismiss because the claims against the non-moving defendant suffered from the same defects raised in the moving defendant's motion to dismiss).  Thus, the complaint will be *sua sponte* dismissed against all defendants for failure to state a claim upon which relief can be granted.

**G. Motion for Leave to Amend**

Romanelli seeks leave to amend his complaint. He has submitted a proposed amended complaint in compliance with Local Rule 15.1. In general, leave to amend should

14

be freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2).  Where a complaint is vulnerable to dismissal under Rule 12(b)(6), leave to amend should be granted unless amendment would not cure the deficiency. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

    The proposed amended complaint fails to correct the deficiency discussed above: failure to show that the defendants' conduct denied him any federal right. The proposed amended complaint specifies that the "[d]efendants['] tax and government funded court challenge . . . [to Romanelli's nomination paper] violated [his] civil and constitutional rights under the First Amendment right [*sic*] to run for public office and his Fourteenth Amendment rights to due process and equal protection of the law." However, in light of the state court decisions, there is no conceivable basis for Romanelli to complain that the ballot challenge violated his First Amendment ballot access rights or his Fourteenth Amendment rights to due process or equal protection. Thus, amendment will be denied.

    In general, amendment must be affirmatively permitted in civil rights actions unless doing so would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 108, 108 (3d Cir. 2002).  "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114, F.3d 1410, 1434 (3d Cir. 1997). Here, in light of the state court decisions finding that Romanelli failed to secure the required number of signatures required to appear on the ballot, there is no conceivable constitutional deprivation. Thus, amendment would be futile and affirmative leave will not be given.

**H. Sanctions**

The Caucus Defendants move for the imposition of sanctions against Romanelli's counsel, Lawrence Otter, under Federal Rule of Civil Procedure 11, for bringing what defendants characterize as frivolous civil rights claims. Rule 11(b)(2) provides that when an attorney presents a pleading to the court, he certifies "that to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[,] . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . ." Where this provision is violated, Rule 11(c) provides that the court "may" impose an appropriate sanction on the attorney responsible for the violation. The sanction imposed "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

Where the court determines that sanctions are appropriate, it should "consider a wide range of alternative possible sanctions" that are the "*minimum* that will serve to *adequately* deter the undesirable behavior." *Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191 (3d Cir. 1988) (quoting *Eastway Const. Corp. v. City of New York*, 637 F. Supp. 558, 565 (E.D.N.Y. 1986)). "[T]he imposition of sanctions for a Rule 11 violation is discretionary rather than mandatory." *Grider v. Keystone Health Plan Central, Inc.*, 580 F.3d 119, 146 n.28 (quoting *Knipe v. Skinner*, 19 F.3d 72, 78 (2d Cir. 1994)).

The Court declines to award sanctions because they do not appear necessary to deter the future filing of a similar complaint. Although the complaint's legal grounds are tenuous at best, the Court is confident that counsel will investigate the basis for such a

complaint more thoroughly in the future.

### III. Conclusion

For the reasons explained above, the defendants' motion to treat the motion to dismiss as unopposed (Doc. 43) will be denied. The motions to dismiss (Docs. 32, 44) will be granted. The Court will *sua sponte* dismiss the complaint against the non-moving defendants. The motion for leave to amend the complaint (Doc. 52) and the motion for sanctions (Doc. 49) will be denied. An appropriate order follows.

June 1, 2011_____                          /s/ A. Richard Caputo_____
Date                                       A. Richard Caputo
                                           United States District Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CARL ROMANELLI,

      Plaintiff

          v.

WILLIAM DEWEESE, et al.,

      Defendants.

NO. 3:10-CV-1434

(JUDGE CAPUTO)

## ORDER

**NOW**, this 1st day of June, 2011, **IT IS HEREBY ORDERED:**

(1) The motion to dismiss the complaint on the grounds that the plaintiff failed to comply with Local Rule 7.6 (Doc. 43) is **DENIED**.

(2) The defendants' motions to dismiss (Docs. 32, 44) are **GRANTED**.

(3) The complaint is **DISMISSED** against all defendants.

(4) The motion seeking leave to amend (Doc. 52) is **DENIED** as futile.

(5) The motion seeking the imposition of sanctions (Doc. 49) is **DENIED**.

(6) The clerk of court is directed to mark this matter closed.


                          /s/ A. Richard Caputo
                          A. Richard Caputo
                          United States District Judge